IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| DOUGLAS GLASS and RAY ST. CLAIR, on behalf of themselves and those similarly situated,<br>    Plaintiffs,<br>vs.<br>U.S. FACILITY SOLUTIONS, LLC and CHRIS DABEK,<br>    Defendants. | Case No.:<br><br>**COLLECTIVE ACTION** |

**COLLECTIVE ACTION COMPLAINT UNDER THE FAIR LABOR STANDARDS ACT**

1. Plaintiffs Douglas Glass and Ray St. Claire ("Plaintiffs") bring this collective action on behalf of themselves and all other Technicians who have worked for Defendants U.S. Facility Solutions, LLC and Chris Dabek ("Defendants"). Plaintiffs bring this case under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"), on behalf of themselves and others similarly situated. Plaintiffs and other Technicians regularly worked more than forty hours per week and they were not paid any overtime premium as required by the FLSA.

**PARTIES**

2. Plaintiff Douglas Glass is a resident of Tarrant County, Texas. Plaintiff Glass has worked as a Technician for Defendants from approximately June 2021 until approximately March 2023.

3. Plaintiff Ray St. Claire is a resident of Grayson County, Texas. Plaintiff worked as a Technician for Defendants from approximately June 2022 until March

1

2023.

4. Defendant U.S. Facility Solutions, LLC is a commercial maintenance management company that contracts with various commercial properties such as large retailers or office buildings to provide maintenance services. Defendants employ Technicians like Plaintiffs to perform maintenance projects on those properties, such as fixing or replacing doors and windows, addressing plumbing or electrical issues, and performing general building and property maintenance. U.S Facility Solutions is incorporated in Florida and has a headquarters in Sunrise, Florida.

5. Defendant Chris Dabek is an owner-operator of Defendant U.S Facility Solutions. He directs the operations of U.S Facility Solutions and is directly involved in U.S Facility Solutions payroll and employee classification decisions.

## JURISDICTION AND VENUE

6. The court has subject matter jurisdiction under 29 U.S.C. § 201 et seq. (Fair Labor Standards Act) and 28 USC § 1331 (federal question).

7. Venue is proper in the Southern District of Florida because the Defendants are located in this judicial district.

## FLSA COLLECTIVE ACTION ALLEGATIONS

8. Plaintiffs bring this action individually and as an opt-in, collective action pursuant to 29 U.S.C. § 216(b), on behalf of a class of all individuals who worked as Technicians for Defendants at any time within the three years prior to joining this lawsuit, who were misclassified as "exempt" from the overtime

protections of the FLSA and were not paid any overtime premium when they worked more than forty hours per week.

9. Defendants employ individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

10. Defendants' annual gross volume of sales made or business done exceeds $500,000.

## FACTUAL ALLEGATIONS

11. Plaintiffs and other Technicians perform manual labor for Defendants, including fixing or installing doors and windows, electrical or plumbing work, patching walls, and other building and property maintenance.

12. Plaintiffs and other Technicians work full-time, more than forty hours per week.  They are scheduled to work at least five days per week, and they spend significant time traveling to and from their assigned job sites and performing their assigned maintenance projects.

13. Plaintiffs receive their job assignments approximately twenty-four hours in advance.

14. They begin each workday in the morning at their residence.

15. They prepare and load their company vehicle, and proceed to drive the vehicle to the first job assignment.

16. Examples of job assignments include installing new windows, applying

tint to windows, performing maintenance work on doors, installing or fixing garage doors, removing toilets in order to fix clogs and snake drains, or patching holes and cracks in walls.

17. These jobs are performed at commercial entities and retailers, some of which contract directly with Defendants, including UPS and FedEx facilities, Pep Boys, Dollar Tree, T Mobile locations, and Amazon. Other jobs were performed for third-parties who hold the contract with the commercial entities and retailers.

18. Once the first assignment is completed, Plaintiffs and Technicians proceed to additional assignments throughout the workday, often driving more than a hundred miles between jobs.

19. Throughout the day, they may also visit a warehouse or storage facility maintained by Defendants to retrieve additional supplies.

20. When all of the daily jobs are completed, Plaintiffs and Technicians reported the time they completed the job directly to Defendants, and then drive the work vehicle back to their homes (which may be several hours from the final worksite).

21. Plaintiff Glass routinely worked sixty hours in a workweek.

22. Plaintiff St. Claire routinely worked fifty hours in a workweek.

23. Defendants were aware that Plaintiffs and other Technicians worked more than forty hours per week, because Defendants directly manage their assignments and when Technicians complete their last maintenance job of the day they reported the time that the job was completed to Defendants.

24. Nevertheless, Defendants failed to record all of Plaintiffs' and Technicians' work hours and Defendants falsely report on the employees' weekly pay statements that they worked exactly forty hours per week.

25. Plaintiffs and other Technicians were paid a salary of between $45,000 to $55,000 per year.

26. Plaintiffs and other Technicians were never paid any overtime premium when they worked more than forty hours per week.

27. Plaintiffs and other Technicians were not exempt from the overtime protections of the FLSA. Plaintiffs did not hold any formal occupational licenses or certifications.

28. Plaintiffs and Technicians performed manual work in order to complete assigned maintenance projects for Defendants' customers.

29. Most often, Plaintiffs worked alone and did not supervise or direct the work of any other employees when they were employed as Technicians.

## CLAIM FOR RELIEF

### Count I:  Overtime under the FLSA

30. Plaintiffs incorporate by reference the previous paragraphs of the Complaint.

31. Pursuant to 29 U.S.C. § 207, overtime wages of one-and-one-half the employees' regular hourly rate must be paid by the employer when the employee works more than 40 hours per week.

32. The Defendants also failed to pay Plaintiffs and collective action

members overtime wages for work in excess of forty hours in a week, in violation of 29 U.S.C. § 207.

33. Defendants' misclassification of Plaintiffs and other Technicians as exempt from the overtime protections of the FLSA was knowing, willful, and intentional.

**WHEREFORE**, Plaintiffs request that the Court enter the following relief:

a. An order authorizing the issuance of notice to current and former employees of Defendants who are potential members of the collective action under the Fair Labor Standards Act, giving them the opportunity to opt-in to this action;

b. An award of monetary damages to Plaintiff and Collective Action Members in the form of back pay for unpaid overtime compensation, together with liquidated damages;

c. Attorneys' fees and costs; and

d. Such further relief as the Court deems just and proper.

Dated: July 26, 2023

Respectfully submitted,

/s/ Jason L. Gunter
Jason L. Gunter
Fla. Bar No. 0134694
Email: Jason@GunterFirm.com
Conor P. Foley (*admission in process*)
Fla. Bar No. 111977
Email: Conor@GunterFirm.com

**GUNTERFIRM**
1514 Broadway #101
Fort Myers, FL 33901
Phone: (239) 334-7017

Drew N. Herrmann (to be admitted *pro hav vice)*
Texas Bar No. 24086523
drew@herrmannlaw.com
Pamela G. Herrmann (to be admitted *pro hac vice*)
Texas Bar No. 24104030
pamela@herrmannlaw.com

**HERRMANN LAW, PLLC**
801 Cherry St., Suite 2365
Fort Worth, Texas 76102
Phone: (817) 479-9229
Fax: (817) 887-1878

-AND-

Harold Lichten, *pro hac vice anticipated*
Matthew Thomson, *pro hac vice anticipated*
**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email:  hlichten@llrlaw.com
Email: mthomson@llrlaw.com

*Attorneys for Plaintiffs
and the Proposed Collective*