IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| DOUGLAS A. GLASS and<br>RAY ST. CLAIR, on behalf of<br>themselves and those similarly situated,<br><br>    Plaintiffs,<br>vs.<br><br>U.S. FACILITY SOLUTIONS, LLC<br>and CHRIS DABEK,<br><br>    Defendants. | Case No.: 0:23-cv-61426-WPD |

## PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT U.S. FACILITY SOLUTIONS, LLC

Plaintiffs, DOUGLAS A. GLASS and RAY ST. CLAIR, on behalf of themselves and those similarly situated ("Plaintiffs"), file their Motion for Default Judgment against Defendant, U.S. FACILITY SOLUTIONS, LLC, and state as follows:

### FACTUAL BACKGROUND

1. Plaintiff Douglas Glass is a resident of Tarrant County, Texas. Plaintiff Glass has worked as a Technician for Defendants from approximately June 2021 until approximately March 2023. (Doc. 1 ¶ 2); Declaration of Plaintiff Glass, attached hereto as **Exhibit A**, ¶ 1,3.

2. Plaintiff Ray St. Claire is a resident of Grayson County, Texas. Plaintiff Ray St. Claire worked as a Technician for Defendants from approximately June 2022 until March 2023. (Doc. 1 ¶ 3); Declaration of Plaintiff St. Claire, attached hereto as

**Exhibit B**, ¶ 1,3.

3.     Defendant U.S. Facility Solutions, LLC is a commercial maintenance management company that contracts with various commercial properties, such as large retailers or office buildings, to provide maintenance services. Defendant U.S Facility Solutions, LLC is incorporated in Florida and has a headquarters in Sunrise, Florida. (Doc. 1 ¶ 4).

4.     Plaintiffs performed manual labor for Defendants, including fixing or installing doors and windows, electrical or plumbing work, patching walls, and other building and property maintenance. (Doc. 1 ¶ 11); Decl. of Glass ¶ 4.

5.     Plaintiffs worked full-time, more than forty hours per week. They were scheduled to work at least five days per week, and they spend significant time traveling to and from their assigned job sites and performing their assigned maintenance projects. (Doc. 1 ¶ 12); Decl. of Glass ¶ 7-12.

6.     Defendants failed to record all of Plaintiffs' work hours and falsely reported on the employees' weekly pay statements that they worked exactly forty hours per week. (Doc. 1 ¶ 24); Decl. of Glass ¶ 14-15.

7.     Defendants failed to compensate Plaintiffs at a rate of one and one-half times the regular rate of pay for all of the hours that they worked in excess of forty (40) each week. Instead, Defendants only paid Plaintiffs a salary. (Doc. 1 ¶ 25-26); Decl. of Glass ¶ 6, 13.

8.     Therefore, Plaintiffs initiated this lawsuit on July 26, 2023 by filing a Collective Action Complaint under the Fair Labor Standards Act ("FLSA"). Plaintiffs

sought overtime wages on behalf of themselves and a class of similarly situated employees who were misclassified as exempt. (Doc. 1).

9. Plaintiffs were not exempt from the overtime protections of the FLSA. Plaintiffs did not hold any formal occupational licenses or certifications. (Doc. 1 ¶ 27); Decl. of Glass ¶ 5.

10. On November 27, 2023, Defendants filed their Answer and Affirmative Defenses. (Doc. 26).

11. On September 12, 2024, this Court entered its Order Granting Defendants attorneys, Sarah J. Lis, Esq. of Ackerman LLP, and Christopher A. Iacono, Esq. and Scott A. Coffina, Esq., of Pietragallo Gordon Alfano Bosick & Raspanti, LLP's Motion to Withdraw as Counsel for Defendants, U.S. Facility Solutions, LLC and Chris Dabek. (Doc. 60).

12. Defendant U.S. Facility Solutions, LLC was required to obtain counsel to appear in the record on or before September 26, 2024. A copy of the Order relieving Defendant's counsel of further responsibility was mailed to Defendants on September 12, 2024. (Docs. 60, 61, and 62).

13. Defendant U.S. Facility Solutions, LLC failed to obtain new counsel on or before September 26, 2024. (Doc. 65).

14. On October 16, 2024, this Court entered its Default as to Defendant U.S. Facility Solutions, LLC further requiring Plaintiffs to move for Default Judgment against Defendant U.S. Facility Solutions, LLC. (Doc. 65).

15. Attached as Exhibits A through W are the Declarations of the named

Plaintiffs and opt-in plaintiffs.[1] Each Declaration evidences the amount of unpaid overtime wages owed to the claimant. The claimant's respective damages are below and as supported by the calculations demonstrated in **Exhibit X** attached hereto:

| Exh. | Last Name | Amount of Overtime Owed |
|---|---|---|
| A | Glass | $15,511.47 |
| B | St. Clair | $4,124.64 |
| C | Ward | $1,400.00 |
| D | Robinson | $9,533.33 |
| E | Wright | $9,657.14 |
| F | Scheid | $3,150.00 |
| G | Werns | $8,428.00 |
| H | Rodriguez | $1,080.00 |
| I | Ortega | $4,800.00 |
| J | Mccoy | $6,342.00 |
| K | Lopez | $10,446.43 |
| L | Jenkins | $6,076.20 |
| M | Hopkins | $4,333.33 |
| N | Fleuren | $21,016.67 |
| O | Ogo | $1,359.00 |
| P | Cruz | $1,166.67 |
| Q | Campbell | $39,250.00 |
| R | Diaz | $8,000.00 |
| S | Mercado | $5,000.00 |
| T | Wilcox | $23,833.33 |
| U | Linch | $5,076.48 |
| V | Allen | $11,457.33 |
| W | Dillon | $256.67 |
|  | **TOTAL** | **$201,298.69** |

16.   In addition to the unpaid overtime wages owed, Plaintiffs are entitled to liquated damages in an amount equal to their unpaid wages. 29 U.S.C. §216(b).

---

[1] Counsel has not included opt-in Plaintiff Jacob Watts because he no longer wishes to participate in this action, and opt-in Plaintiff Eric Heinz because counsel was not able to make contact with Mr. Heinz. Therefore, Plaintiffs only move for default for the claimants in the above chart.

Accordingly, Plaintiffs are entitled to **$201,298.69** in liquidated damages.

17. Plaintiffs also seeks an award of attorneys' fees and costs in this matter pursuant to the FLSA. Plaintiffs respectfully request that this Court enter default as to damages at this time and allow Plaintiffs to file a fee and cost motion within twenty-one (21) days of entry of the Court's Order.

## MEMORANDUM OF LAW

### I. Standard of Review

"A court may enter default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment." *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008); *see also Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975). Therefore, "a court must examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to a default judgment." *Id*. Additionally, "[a]lthough a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather the [c]ourt determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F.Supp.2d 1342, 1346 (M.D.Fla.1999). If the court finds that default judgment is warranted, "the court may hold a hearing for the purpose of assessing damages." *Gomes v. Nationwide Janitorial & Flooring Servs., Inc.*, No. 606CV-929-ORL-31KRS, 2007 WL 737584, at *1 (M.D. Fla. Mar. 7, 2007). "However, a hearing is not necessary if sufficient evidence is submitted to support the request for damages." *Id.*

## II. Defendants are Liable for Plaintiffs' Damages

In defaulting, Defendant U.S. Facility Solutions, LLC has admitted the well-pleaded allegations of liability as stated in Plaintiffs' complaint. *See Herber v. Prof'l Adjustment Corp.,* No. 8:10-CV-794-T-23EAJ, 2010 WL 2103025, at *1 (M.D. Fla. May 25, 2010) ("By virtue of the default, the defendant admits the facts alleged in the complaint."). As established by the Eleventh Circuit in *Secretary of Labor v. Labbe*, "the requirements to state a claim of a FLSA violation are quite straightforward." 319 F. App'x 761, 763 (11th Cir. 2008). The elements that a plaintiff must show "are simply a failure to pay overtime compensation and/or minimum wages to covered employees . . . in accordance with the Act." *Id*.

In defaulting, Defendant admitted that it "failed to pay Plaintiffs and collective action members overtime wages for work in excess of forty (40) hours in a week, in violation of 29 U.S.C. § 207" (Doc. 1 ¶ 32) and that the "misclassification of Plaintiffs and other Technicians as exempt from the overtime protections of the FLSA was knowing, willful, and intentional." (*Id*. ¶ 33). Therefore, the allegations in Plaintiffs' complaint are sufficient to determine that Defendants are liable to Plaintiffs for the overtime compensation that they are owed.

## III. Damages

The Eleventh Circuit has established that "where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to

show the amount and extent of that work as a matter of just and reasonable inference." *Etienne v. Inter-County Sec. Corp.*, 173 F.3d 1372, 1375 (11th Cir.1999); *Wallace*, 247 F.R.D. at 682. Where a defendant has failed to answer a complaint, courts accept the plaintiff's affidavit as sufficient evidence of the amount of work performed, and the amount of damages owed. *See Gomes*, 2007 WL 737584, at *2-3; *Westberry v. William Joule Marine Transp., Inc.*, No. 8:12-CV-486-T-30TGW, 2013 WL 2382279, at *1 (M.D. Fla. May 30, 2013); *Trujillo v. Superior Hotels, Inc.*, No. 6:06CV1155ORL18UAM, 2007 WL 2114288, at *3 (M.D. Fla. July 20, 2007). Based on the affidavits submitted with this Motion, the Plaintiffs' damages are outlined in the table above.

Moreover, in failing to answer the Complaint in this case, Defendants have admitted that their "failure and/or refusal to properly compensate Plaintiffs at the rates and amounts required by the FLSA were willful." (Doc. 1, at ¶ 37). Thus, Defendants are liable to pay liquidated damages in an additional amount equal to the amount of Plaintiffs. *See* 29 U.S.C. §§ 216(b).

Due to the fact that Plaintiffs have presented sufficient evidence to show the amount of work performed and the amount of damages owed by virtue of their Affidavits, no hearing is necessary.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully requests that this Court enter a Default Judgment in favor of the Plaintiffs and against Defendant, U.S. FACILITY SOLUTIONS, LLC, for unpaid overtime wages and liquidated damages as set forth

above, and allowing Plaintiffs to submit a fee and cost motion within twenty-one (21) days of entry of the Court's Order.

/s/ Jason L. Gunter
Jason L. Gunter
Fla. Bar No. 0134694
Email: Jason@GunterFirm.com
Conor P. Foley
Fla. Bar No. 111977
Email: Conor@GunterFirm.com

**GUNTERFIRM**
2165 W. First St., Suite 104
Fort Myers, FL 33901
Tel: 239.334.7017

Drew N. Herrmann (admitted *pro hac vice*)
Texas Bar No. 24086523
drew@herrmannlaw.com
Pamela G. Herrmann (admitted *pro hac vice*)
Texas Bar No. 24104030
pamela@herrmannlaw.com

**HERRMANN LAW, PLLC**
801 Cherry St., Suite 2365
Fort Worth, Texas 76102
Phone: (817) 479-9229
Fax: (817) 887-1878

-AND-

Harold Lichten, (admitted *pro hac vice*)
Matthew Thomson, (admitted *pro hac vice*)
**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email:  hlichten@llrlaw.com
Email: mthomson@llrlaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system on this day, November 21, 2024.

/s/ Jason L. Gunter
JASON L. GUNTER
