UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

DOUGLAS GLASS and RAY ST.
CLAIR, on behalf of themselves
and those similarly situated,

    Plaintiffs,

v.                                                     Case No.: 0:23-cv-61426-WPD

U.S. FACILITY SOLUTIONS, LLC
and CHRIS DABEK,

    Defendants.
_____/

## UNOPPOSED MOTION TO APPROVE
## FAIR LABOR STANDARDS ACT SETTLEMENT

Plaintiffs Douglas Glass and Ray St. Clare, along with Opt-in Plaintiffs,[1] (jointly referred to herein as "Plaintiffs") hereby submit this Unopposed Motion to Approve a Fair Labor Standards Act Settlement Agreement. As detailed below, the Settlement provides substantial consideration to the Plaintiffs and Plaintiffs' counsel believes that this is the best possible outcome given the financial hardship faced by the remaining Defendant, Chris Dabek, which was documented in Dabek's *pro se* filings with this Court. See Dkt. 73. The settlement was reached after a full-day

---

[1] Opt-in Plaintiffs subject to the settlement include the following individuals who have filed consents to join this Action under the FLSA: Douglas Glass, David Rodriguez, Anthony Wright, Troy Linch, William Fleuren, Kevin Ward, david Hopkins, Chriszion Jenkins, Danny Lopez, Michael McCoy, Sugar Ray Robinson, Jr., Nicholas Savino, Ryan Scheid, John Werns, Michael Dillon, Neri Ogo, Pete Diaz, Thomas Wilcox, Christopher Campbell, Danny Mercado, Ray St. Clair, Omar Curz, Daniel Ortega, and Dustin Allen.

mediation with Gregory A. Owens and constitutes a fair and reasonable resolution of a *bona fide* dispute, and the Settlement Agreement should be approved by this Court.[2]

## I.     Background and Terms of the Settlement

Plaintiffs Glass and St. Clare brought this suit seeking unpaid overtime wages under the FLSA.  (Compl., Dkt. 1.) Defendant U.S. Facility Solutions is a commercial maintenance management company that contracts with commercial properties such as large retailers to provide maintenance services.  Defendant Chris Dabek is the owner-operator of U.S. Facility Solutions. Plaintiffs worked as technicians for Defendants performing maintenance work.  Plaintiffs worked more than forty hours per week and were not paid any overtime premium for their hours worked over forty per week.

The Parties stipulated to conditional certification on March 11, 2024.  Dkt. 45.  Notice issued to other technicians and a total of 24 Plaintiffs are participating in this case to assert overtime claims against Defendants.  There were two additional opt-ins who chose to withdraw from the lawsuit prior to settlement discussions (Eric Heinz and Jacob Watts).  Heinz and Watts are not subject to the settlement and are not releasing any claims.

Counsel for Defendants was given permission to withdraw on September 12, 2024. Defendant Dabek continued to represent himself pro se after that date.  The corporate defendant did not hire substitute counsel and defaulted.  Default judgment was entered against U.S. Facility Solutions on December 9, 2024 in the amount of $201,298.69.  Based on information shared at mediation, Plaintiffs' counsel believes that there is no likelihood of collecting on this judgment.

The Parties attended mediation on February 4, 2025.  Based on the financial hardship faced by the remaining Defendant, Chris Dabek, the Parties entered into a settlement agreement

---

[2] A copy of the settlement agreement is attached hereto as Exhibit 1.

following mediation.  The Agreement pays a total sum of $30,000 for the settlement of all opt-in Plaintiffs claims inclusive of attorney's fees and costs.  The settlement distribution is attached to the Agreement as Exhibit A.  The Agreement provides for $10,000.00 in attorney's fees and reimbursement of $2,262.58 for out-of-pocket expenses.

The settlement was reached after arms-length negotiations with Mediator Gregory A. Owens.  All opt-in Plaintiffs have participated in the settlement process and personally signed the settlement agreement to receive their settlement share.  Although the settlement shares are lower than many of the Plaintiffs hoped and constitute only a fraction of Plaintiffs' potential damages, the undersigned counsel is confident that this is the best possible result given Defendants' financial condition.  The Parties agree that the Settlement Agreement reached is fair and reasonable in light of their dispute and Defendants' ability to satisfy a larger settlement of judgment.

In exchange for the payment of the settlement amount, Plaintiffs will release all FLSA claims against Defendants and have relieved U.S. Facility Solutions of the judgment that previously entered.  The settlement payments will be made in thirty equal installments of $1,000 each.

II.     **Legal Argument**

**A. The Proposed Settlement is a Fair and Reasonable Compromise of Plaintiff's FLSA Claims**

"When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1352 (11th Cir. 1982). In addressing the circumstances justifying court approval of an FLSA settlement in the litigation context, the Eleventh Circuit has explained:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial contact. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a compromise is reached over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

The instant settlement meets the criteria set out above, and should be approved by the Court. First, the settlement arises out of an action filed by Plaintiffs against their employer, which is adversarial in nature. *See Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247 (5th Cir. 2012). Second, Plaintiffs were represented by experienced counsel during the course of the litigation. Third, the Parties' settlement of Plaintiffs' FLSA claim resolves *bona fide* disputes between them on several issues of law, including without limitation: (a) whether Plaintiffs were exempt from the overtime protections of the FLSA; (b) the amount of hours worked by Plaintiffs; (c) whether Defendants' actions were willful; (d) whether Defendant acted in good faith; and (e) whether Defendant Dabek is personally liable as an "employer" under the FLSA. All of these issues were hotly contested.

In determining whether an FLSA settlement is "fair and reasonable", courts consider factors including:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*Johnson v. Gonzo Mktg. Servs., LLC,* No. 21-60775-CIV, 2021 WL 8363200, at *2 (S.D. Fla. Oct.

20, 2021) (quoting *Leverso v. SouthTrust Bank of Ala., Nat. Assoc.,* 18 F.3d 1527, 1531 n. 6 (11th Cir.1994)). Despite the relatively modest recovery in this case, application of the above factors in the instant case makes clear that the Settlement reached by the Parties is fair and reasonable.

**First**, this Settlement was negotiated at arm's length by experienced counsel with the assistance of a neutral mediator, and there is no evidence of collusion or fraud behind the Settlement.

**Second**, the complexity, expense and likely duration of this litigation makes the instant settlement a favorable resolution. Were this case to go forward, Plaintiffs' counsel believes that they would have been unlikely to ever recover on any judgment due to the financial hardship faced by Defendants. Simply put, the risk of further litigation is that Plaintiffs would have recovered nothing against the defaulted Defendant and the remaining individual who appeared *pro se*.

**Third**, although this case is in its early stages, the Parties and their counsel have performed a thorough investigation of the facts in this case prior to entering into the Settlement. Plaintiffs' Counsel have used pay records maintained by Defendant as well as interviews with each opt-in Plaintiff to perform a detailed damages analysis, taking into account their dates of work and potential damages available under the FLSA. Although the potential damages exceed the settlement recovery, this information nevertheless informed the settlement negotiations.

**Fourth,** Plaintiffs' success on the merits was not guaranteed. And even to the extent Plaintiffs prevailed on the merits of the remaining issues in the case, they likely would not have recovered on the judgment that they obtained.

**Fifth**, this settlement provides Plaintiffs with only a fraction of their recovery. The default judgment that represented Plaintiffs' potential overtime damames was $201,298.69. The

settlement amount is approximately 15% of this amount. However, the undersigned counsel believes that this was the best possible outcome given Defendants' documented financial hardship.

**Sixth**, Plaintiffs' Counsel are highly experienced in FLSA cases such as this one, and believe that this settlement is a positive outcome given the small likelihood of ever collecting on a larger judgment. In the absence of resolution, the case likely would have required years of additional litigation and collections work without any likely benefit to Plaintiffs.

While the Parties are not in agreement about the merits of this case, they are confident that continued litigation of this case would not produce results more economically beneficial than the compromise Settlement submitted to the Court.

### B. The Attorneys' Fees and Costs Negotiated by the Parties[3]

Plaintiff's Counsel request fees and costs in the amount of $12,262.58 as part of this settlement. Plaintiff's attorney's fees and costs have been agreed upon separately as an itemized portion of the settlement demand and counteroffer. As such, the recovery by Plaintiffs were not adversely affected by the amount of the attorneys' fees and costs paid to counsel. *See Bonetti v. Embarq Mgt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). The fee award is a standard one-third contingency, which was agreed to by all Plaintiffs. The fee amount represents only a fraction of counsel's lodestar given the 18 months of litigation and investigation that has gone into this case.

### III. Conclusion

**WHEREFORE**, Plaintiffs respectfully request that this Court approve the Settlement

---

[3] Defendant does not join in this part of the motion, as Defendant has no information regarding Plaintiff's attorneys' fees and costs. Defendant does not object to the Plaintiffs' Counsel's request for attorneys' fees and costs, and Defendant and Plaintiffs did set out the division of the settlement proceeds between the Plaintiffs and Plaintiffs' Counsel in both the Plaintiffs' demand letter and in the Defendant's counteroffer which led to the above settlement.

Agreement, attached hereto as Exhibit 1, and dismiss the instant action with prejudice. The Parties further request that the Court retain jurisdiction to enforce the terms of the settlement. To assist the Court, the Parties submit a proposed order granting the requested relief as Exhibit 2.

Dated:  March 12, 2025     Respectfully submitted,

/s/ Jason L. Gunter
Jason L. Gunter
Fla. Bar No. 0134694
Email:
Jason@GunterFirm.com
Conor P. Foley
Fla. Bar No. 111977
Email:
Conor@GunterFirm.com

**GUNTERFIRM**
2165 W. First St., #104
Fort Myers, FL 33901
Tel. (239) 334-7017

Drew N. Herrmann
(admitted *pro hav vice*)
drew@herrmannlaw.com
Pamela G. Herrmann
(admitted *pro hac vice*)
pamela@herrmannlaw.com

**HERRMANN LAW, PLLC**
801 Cherry St., Suite 2365
Fort Worth, Texas 76102

-AND-

Harold Lichten
(admitted *pro hac vice*)
hlichten@llrlaw.com
Matthew Thomson
(admitted *pro hac vice*)
mthomson@llrlaw.com

**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system on March 12, 2025.

/s/    *Jason L. Gunter*

Jason L. Gunter